IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JERRY BALDONADO,**

    Petitioner,

v.                                                            No. 13-cv-0573 LH/SMV

**NEW MEXICO DEPARTMENT
OF CORRECTIONS and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,**[1]

    Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER is before me on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition"), filed June 18, 2013. On June 27, 2013, Respondent German Franco filed his Answer [Doc. 8]. The Honorable C. LeRoy Hansen, Senior United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference . . . [Doc. 3] (filed June 28, 2013). For the reasons set forth below, I find that all claims in the Petition are either procedurally defaulted or without merit. Accordingly, I recommend that the Petition be dismissed with prejudice.

### Procedural and Factual Background

Petitioner is in the custody of Respondent German Franco, Warden, pursuant to a Judgment and Sentence filed October 7, 2008, in the Thirteenth Judicial District Court, Valencia

---

[1] On August 22, 2013, the Court substituted German Franco as the sole Respondent in this case. [Doc. 7].

County, Cause Nos. D-1314-CR-200600021, D-1314-CR-200600022, D-1314-CR-200700030, D-1314-CR-200700041. [Doc. 10-1] at 1.

On March 20, 2007, Petitioner, represented by Randy Chavez, Esq., executed a Plea and Disposition Agreement, by which Petitioner pled guilty to second-degree armed robbery, fourth-degree aggravated fleeing a law enforcement officer, fourth-degree abuse of a child, and fourth-degree escape from jail. *Id.* at 5–6. Thereafter, Petitioner filed a motion to withdraw the plea agreement, *id.* at 12–14, and Mr. Chavez filed a motion to withdraw as counsel, *id.* at 16−19. Petitioner subsequently changed attorneys several times. *Id.* at 27. His third attorney, Amavalise Jaramillo, Esq., filed a second motion to withdraw the plea, which was denied. *Id.* at 28. On October 7, 2008, Petitioner was sentenced pursuant to the terms of the Plea and Disposition Agreement to 14 years incarceration, followed by 2 years of parole and 5 years of supervised probation. *Id*. at 3.

Petitioner then filed a direct appeal, in which he argued ineffective assistance of counsel ("IAC") and denial of his right to a speedy sentencing. *Id.* at 28–30. The New Mexico Court of Appeals proposed summary affirmance because Petitioner had not filed a timely notice of appeal with the district court. *Id.* at 35. Additionally, the court held that because Petitioner had entered into the plea agreement, he could not overcome the timeliness bar by using the otherwise applicable presumption that his counsel was ineffective in filing the late appeal. *Id.* at 36–37.

Petitioner filed a memorandum in opposition to summary affirmance, in which he argued that his direct appeal had also included claims that his plea was not knowingly or voluntarily entered into, and that the trial court had abused its discretion in not allowing him to withdraw the plea. *Id.* at 43–47.

On June 17, 2009, the New Mexico Court of Appeals issued a memorandum opinion dismissing Petitioner's direct appeal because Petitioner had not filed a timely notice of appeal with the district court. *Id*. at 54–57. The New Mexico Court of Appeals expressly advised Petitioner that he could raise his claims regarding ineffective assistance of counsel, speedy sentencing violations, and the district court's failure to allow him to withdraw his plea in a state-habeas petition. *Id.* at 57.

Petitioner petitioned for certiorari with the New Mexico Supreme Court, arguing that the court of appeals improperly dismissed his appeal on procedural grounds when it failed to extend the presumption of ineffective assistance. [Doc. 1-1] at 46 & 49. The certiorari petition was summarily denied on July 29, 2009. [Doc. 10-1] at 75.

Petitioner then filed a pro se state-habeas petition in the Thirteenth Judicial District Court on January 14, 2010. [Doc. 1-1] at 1. In the state-habeas petition, he argued that (1) his right to effective assistance of counsel was violated because his lawyer conducted no pre-trial investigation, and (2) there was "insufficiency of the evidence for which to pursue a trial or conviction." [Doc. 1-1] at 4. Additionally, Petitioner requested withdrawal of his plea and argued that counsel "forced [him] into taking a plea using his children and their mother as leverage." [Doc. 1-1] at 7 & 9. Petitioner did not argue that his replacement counsel was ineffective for failing to file a timely appeal. According to Respondent, the state-habeas petition has been pending before the Thirteenth Judicial District for over three years without any indication of activity by the court. [Doc. 10] at 7 & n.2.

On June 18, 2013, Petitioner filed the instant federal-habeas petition seeking relief under § 2254. [Doc. 1]. The present Petition raises six claims. First, Petitioner argues that his original

attorney, Mr. Chavez, was ineffective because he failed to conduct any sort of pre-trial investigation before asking him to sign a plea agreement. *Id.* at 5. Second, Petitioner argues that "[his] plea was not of free will and voluntary." *Id.* at 5. Third, he argues that he did not receive a speedy sentencing. *Id.* at 10. Fourth, he argues his replacement attorney, Mr. Jaramillo, was ineffective because he did not timely file his direct appeal. *Id*. at 8. Fifth, he argues that there was insufficient evidence to pursue a trial or conviction. *Id.* at 7. Finally, he argues that "[his] claim is still factual actual innocence." *Id.*

Respondent filed his Answer [Doc. 10] on September 16, 2013. He argues that Petitioner has presented a mixed petition that should be dismissed without prejudice for failure to exhaust available state-court remedies. *Id.* at 10. Respondent posits that Petitioner has exhausted available state-court remedies for his speedy-sentencing claim and his two IAC claims because they were raised on direct appeal. *Id.* at 5–6. However, he argues that Petitioner has not exhausted available state-court remedies for his insufficient-evidence claim because the state-habeas court has not yet issued its ruling. *Id.* at 6. Respondent's Answer does not address Petitioner's contentions that his plea was not voluntary or that he is actually innocent.

### Exhaustion Requirement of § 2254 Habeas Petitions

A petitioner under § 2254 must exhaust all state-court remedies before a federal court may review those claims on their merits. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*,

513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). Consequently, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Generally, a state's highest court must be presented with a fair opportunity to decide the claim before exhaustion occurs. *Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 763 (2011); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim is unexhausted when "the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor'"). Petitioner normally bears the burden of showing that he has exhausted available state-court remedies. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

**Procedural Default**

In a habeas proceeding, the Court generally does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, absent a showing by the petitioner of "cause" and "prejudice," "*i.e.*, cause for the delay in asserting his claims and actual prejudice resulting from the State's alleged violation of his constitutional rights." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87–91 (1977)). Failure to properly raise claims on direct appeal may constitute an independent and adequate state procedural ground that bars federal court review. *See Murray v. Carrier*, 477 U.S. 478, 486–88 (1986); *Sykes*, 433 U.S. at 86–87. Procedural default occurs where a petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now

find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Additionally, a federal court may apply an "anticipatory procedural bar" to "an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007); *see also Hain v. Gibson*, 287 F.3d 1224, 1240 (10th Cir. 2002) (applying an anticipatory procedural bar).

Under New Mexico law, failure to raise issues known or available on direct appeal results in waiver of those issues for the purposes of state-habeas proceedings. *Duncan v. Kerby*, 1993-NMSC-011, 115 N.M. 344, 346; *State v. Gillihan*, 1974-NMSC-060, 86 N.M. 439, 440; *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998). Furthermore, under NMSA 1978, § 31-11-6(D) (1966), "[t]he sentencing court shall not be required to entertain a second or successive motion for [habeas] relief on behalf of the same prisoner." The New Mexico Supreme Court has interpreted that language to mean that grounds asserted in a second or successive petition are waived if they could have been asserted in a prior habeas proceeding. *Gillihan*, 1974-NMSC-060, 86 N.M. 439, 440.

Review of claims that have been procedurally defaulted are not barred in federal court if the petitioner can demonstrate (1) cause and actual prejudice, or (2) that denial of his claim will result in "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must show that "some objective factor external to the defense" impeded his efforts to comply with state procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such factors include "interference by officials" that makes compliance with the State's procedural rule impracticable. *Id*. Additionally, attorney error that is sufficiently serious that it

6

amounts to constitutionally ineffective assistance of counsel is cause to excuse procedural default. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012); *Coleman*, 501 U.S. at 753–54.

To fit within the fundamental miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496. The Supreme Court has elaborated that a petitioner claiming actual innocence as a justification to excuse procedural default must present new, reliable evidence that was not presented at trial and demonstrate that in light of the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## Discussion

Petitioner raises six claims here: (1) ineffective assistance of counsel by his first attorney for allegedly failing to conduct any sort of pre-trial investigation; (2) that his plea was not voluntary; (3) speedy sentencing violations; (4) ineffective assistance of counsel by his third attorney because the attorney failed to timely file his direct appeal; (5) insufficiency of evidence; and (6) that "[his] claim is still factual actual innocence."[2]

Petitioner's first five claims are procedurally defaulted. His first three claims were raised on direct appeal, but were not presented to the New Mexico Supreme Court in a posture where it was able to consider the merits of those claims. Accordingly, none of the claims Petitioner presented on direct appeal were "fairly presented" to the New Mexico Supreme Court such that

---

[2] Petitioner's statement can be interpreted either as presenting a sixth, freestanding claim of actual innocence, or an argument that he qualifies for the "fundamental miscarriage of justice" exception to procedural default. Because Petitioner appears pro se, I will construe his claims liberally and proceed as if he raises both points. *See Steele v. Young*, 11 F.3d 1518, 1521 n.4 (10th Cir. 1993).

they were exhausted. *See Castille*, 489 U.S. at 351 (holding a claim unexhausted where the highest state court was not directly able to consider the merits). Furthermore, Petitioner's failure to file a timely appeal prevented review of those claims in state court and constitutes an adequate and independent procedural bar to review in federal court. *See Carrier*, 477 U.S. at 486–88. Thus, Petitioner's first three claims are barred unless he can demonstrate either (1) cause and prejudice, or (2) that a fundamental miscarriage of justice would result.

     Petitioner argues in his fourth claim that his attorney was ineffective because the attorney did not to file his appeal on time. While his attorney's failure to file a timely appeal might constitute cause to excuse procedural default for Petitioner's first three claims, *see Coleman*, 501 U.S. at 753–54, I find that Petitioner has separately defaulted on his fourth claim. Petitioner did not raise his fourth claim in his state-habeas petition, and under New Mexico law, his failure to do so constitutes waiver of that claim. *See Gillihan*, 1974-NMSC-060, 86 N.M. 439, 440. Petitioner is therefore barred from presenting his fourth claim. *See Martinez,* 132 S. Ct. at 1315−17 (noting that failure to raise an IAC claim in a state-habeas proceeding may bar any court from hearing the merits of any underlying claims). He cannot rely on his fourth claim as a basis for excusing the procedural default of his first three claims unless he can demonstrate cause for failing to include his fourth claim in his state-habeas petition. *Id.* Petitioner has presented no explanation as to why that claim was not raised in his state-habeas petition. Accordingly, I recommend denying Petitioner's first four claims.

Petitioner's fifth claim is also procedurally defaulted because it was first raised in his state-habeas petition and not on direct appeal.[3] New Mexico allows criminal defendants to raise insufficiency of evidence on direct appeal. *See State v. Guerra*, 2012-NMSC-027, ¶¶ 8–10 (entertaining such a claim on direct appeal). Petitioner, however, never raised his insufficiency-of-evidence claim on direct appeal. Furthermore, because Petitioner's conviction was obtained by his guilty plea, Petitioner knew or should have known at the time of his direct appeal the basis for filing such a claim. As a consequence, that claim is waived and procedurally defaulted because Petitioner did not file it on direct appeal. *See Jackson*, 143 F.3d at 1318 ("New Mexico law provides that the failure to raise issues in a direct criminal appeal results in waiver of those claims"); *Duncan*, 1993-NMSC-011, 115 N.M. 344, 346 ("When a defendant should have raised an issue on direct appeal, but failed to do so, he or she may be precluded from raising the issue in habeas corpus proceedings.").

Petitioner does not fit within the "fundamental miscarriage of justice" exception for procedural default for claims one through five. To excuse procedural default under that exception, Petitioner must submit new evidence that creates a colorable showing of factual innocence. *See House*, 547 U.S. at 536–37. Petitioner has submitted no evidence of his innocence, and therefore has not made a sufficient showing.

Petitioner's sixth claim, actual innocence, is without merit. First, it is not clear whether a freestanding claim of actual innocence is even cognizable under § 2254. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)*; Dist. Attorney's Office for 3d Judicial Dist. v. Osborne*,

---

[3] Because I determine that Petitioner's second claim is procedurally barred, I do not address the government's argument that the exhaustion requirement should not be excused where a state-habeas petition has been pending for over three years. *See* [Doc. 10] at 7 n.2; *cf. Harris v. Champion*, 15 F.3d. 1538, 1556 (10th Cir. 1994) (holding that the government bears the burden to justify delays in adjudication of direct criminal appeals).

557 U.S. 52, 71–72 (2009); *House*, 547 U.S. at 554-55; *cf. Herrera v. Collins*, 506 U.S. 390, 417 (1993) (assuming, without deciding, that a persuasive demonstration of actual innocence would render the execution of a defendant unconstitutional). However, the Supreme Court has cautioned that if such a right exists, "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Herrera*, 506 U.S. at 417 (finding that two witness affidavits submitted ten years after a trial to be an insufficient showing of innocence); *accord House*, 547 U.S. at 555 (finding that new evidence, including a putative confession and new DNA evidence suggesting another individual committed the crime, would not be a sufficient showing of innocence). Petitioner has presented no new evidence that he is innocent. Accordingly, he has not satisfied the extraordinarily high standard for such claims, assuming that they are permissible. Accordingly, even though Petitioner's sixth claim has not been exhausted, it should be denied because it is meritless. *See* § 2254(b)(2) (allowing for dismissal of an unexhausted habeas petition on the merits).

## Conclusion

I find that claims one through five are procedurally defaulted. Petitioner has not shown cause and prejudice to excuse default or that a fundamental miscarriage of justice would result from denial of his claims. Additionally, because Petitioner has provided no evidence of his innocence, I find that his sixth claim—actual innocence—is without merit.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Petitioner's Petition [Doc. 1] be **DENIED** and that this case be **DISMISSED with prejudice**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**