IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JERRY BALDONADO,**

    Petitioner,

v.                                                        CIV No. 13--0573 LH/SMV

**NEW MEXICO DEPARTMENT
OF CORRECTIONS and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,**[1]

    Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 11] ("PF&RD"), issued on November 21, 2013. On reference by the Court, [Doc. 3], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended denying Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] because the claims were either procedurally defaulted or without merit. Petitioner timely filed objections on December 9, 2013. [Doc. 12]. Having reviewed de novo the portions of the PF&RD to which Petitioner objects, the Court finds that the claims are either procedurally defaulted or meritless. Accordingly, the Court will overrule the objections [Doc. 12], adopt the PF&RD [Doc. 11], deny the Petition [Doc. 1], and dismiss the action with prejudice.

---

[1] On August 22, 2013, the Court substituted German Franco as the sole Respondent in this case. [Doc. 7].

**Procedural and Factual Background**

Petitioner is in the custody of Respondent German Franco, Warden, pursuant to a Judgment and Sentence filed October 7, 2008, in the Thirteenth Judicial District Court, Valencia County, Cause Nos. D-1314-CR-200600021, D-1314-CR-200600022, D-1314-CR-200700030, D-1314-CR-200700041.  [Doc. 10-1] at 1.

On March 20, 2007, Petitioner, represented by Randy Chavez, Esq., executed a Plea and Disposition Agreement, by which Petitioner pled guilty to second-degree armed robbery, fourth-degree aggravated fleeing a law enforcement officer, fourth-degree abuse of a child, and fourth-degree escape from jail. *Id.* at 5–6.  Thereafter, Petitioner filed a motion to withdraw the plea agreement, *id.* at 12–14, and Mr. Chavez filed a motion to withdraw as counsel, *id.* at 16−19.  Petitioner subsequently changed attorneys several times.  *Id.* at 27.  His third attorney, Amavalise Jaramillo, Esq., filed a second motion to withdraw the plea, which was denied.  *Id.* at 28.  On October 7, 2008, Petitioner was sentenced pursuant to the terms of the Plea and Disposition Agreement to 14 years incarceration, followed by 2 years of parole and 5 years of supervised probation. *Id*. at 3.

Petitioner then filed a direct appeal, in which he argued ineffective assistance of counsel ("IAC") and denial of his right to a speedy sentencing. *Id.* at 28–30.  The New Mexico Court of Appeals proposed summary affirmance because Petitioner had not filed a timely notice of appeal with the district court.  *Id.* at 35.  Additionally, the court held that because Petitioner had entered into the plea agreement, he could not overcome the timeliness bar by using the otherwise applicable presumption that his counsel was ineffective in filing the late appeal.  *Id.* at 36–37.

Petitioner filed a memorandum in opposition to summary affirmance, in which he argued that his direct appeal had also included claims that his plea was not knowingly or voluntarily entered into, and that the trial court had abused its discretion in not allowing him to withdraw the plea. *Id.* at 43–47.

On June 17, 2009, the New Mexico Court of Appeals issued a memorandum opinion dismissing Petitioner's direct appeal because Petitioner had not filed a timely notice of appeal with the district court. *Id*. at 54–57. The New Mexico Court of Appeals expressly advised Petitioner that he could raise his claims regarding ineffective assistance of counsel, speedy sentencing violations, and the district court's failure to allow him to withdraw his plea in a state-habeas petition. *Id.* at 57.

Petitioner petitioned for certiorari with the New Mexico Supreme Court, arguing that the court of appeals improperly dismissed his appeal on procedural grounds when it failed to extend the presumption of ineffective assistance. [Doc. 1-1] at 46 & 49. The certiorari petition was summarily denied on July 29, 2009. [Doc. 10-1] at 75.

Petitioner then filed a pro se state-habeas petition in the Thirteenth Judicial District Court on January 14, 2010. [Doc. 1-1] at 1. In the state-habeas petition, he argued that (1) his right to effective assistance of counsel was violated because his lawyer conducted no pre-trial investigation, and (2) there was "insufficiency of the evidence for which to pursue a trial or conviction." [Doc. 1-1] at 4. Additionally, Petitioner requested withdrawal of his plea and argued that counsel "forced [him] into taking a plea using his children and their mother as leverage." [Doc. 1-1] at 7 & 9. Petitioner did not argue that his replacement counsel was ineffective for failing to file a timely appeal. According to Respondent, the state-habeas petition

has been pending before the Thirteenth Judicial District for over three years without any indication of activity by the court. [Doc. 10] at 7 & n.2.

On June 18, 2013, Petitioner filed the instant federal-habeas petition seeking relief under § 2254. [Doc. 1]. The present Petition raises six claims. First, Petitioner argues that his original attorney, Mr. Chavez, was ineffective because he failed to conduct any sort of pre-trial investigation before asking him to sign a plea agreement. *Id.* at 5. Second, Petitioner argues that "[his] plea was not of free will and voluntary." *Id.* at 5. Third, he argues that he did not receive a speedy sentencing. *Id.* at 10. Fourth, he argues his replacement attorney, Mr. Jaramillo, was ineffective because he did not timely file his direct appeal. *Id*. at 8. Fifth, he argues that there was insufficient evidence to pursue a trial or conviction. *Id.* at 7. Finally, he argues that "[his] claim is still factual actual innocence." *Id.*

On November 21, 2013, Judge Vidmar found that the first three claims were procedurally defaulted because Petitioner failed to timely raise them on direct appeal. [Doc. 11] at 7–8. Similarly, he found that the fourth claim—that his attorney was constitutionally ineffective for failing to timely file his direct appeal—was procedurally defaulted because Petitioner failed to raise it in his state habeas petition. [Doc. 11] at 8. Regarding the fifth claim—insufficiency of the evidence—he found that it, too, was procedurally defaulted because Petitioner failed to raise it on direct appeal and, instead, raised it in his state habeas claim. [Doc. 11] at 9. Judge Vidmar further found that Petitioner failed to show cause and prejudice to excuse the default and failed to show that a fundamental miscarriage of justice would result from denial of his claims. [Doc. 11] at 10. Finally, he found that Petitioner's sixth claim—actual innocence—was without merit because Petitioner presented no new evidence that he is innocent. [Doc. 11] at 9–10.

Petitioner objected to the PF&RD on December 9, 2013.[2]  [Doc. 12].  Petitioner does not contest that claims one through five are procedurally defaulted.  *See id.*  Nor does he assert that he has any new evidence to support his claim of innocence.  *See id.*  Rather, he argues the merits of his clams and, for the first time, requests an evidentiary hearing to show that "Petitioner Baldonado is not all there and may even have some mental issues[.]"  *Id.* at 2.

### Standard of Review for
### Objections to Magistrate Judge's Recommendations

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made."  28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### Exhaustion Requirement of § 2254 Habeas Petitions

A petitioner under § 2254 must exhaust all state-court remedies before a federal court may review those claims on their merits.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ

---

[2] Petitioner also filed a second motion to proceed *in forma pauperis* ("IFP") and requested appointment of counsel.  [Docs. 11, 12].  Anticipating that his motion for IFP might be denied for failure to include a copy of his inmate account, Petitioner explained that "[b]ecause of the holidays and 14 day time limit to [object to the PF&RD, he was] unable to [obtain a] certified copy of [his inmate] account."  [Doc. 12] at 1; [Doc. 11].  However, Petitioner has known that supporting financial information was required to proceed IFP since July 2, 2013, because Judge Vidmar told him so.  [Doc. 4].  Petitioner's first motion for IPF was denied on August 22, 2013, because he failed to provide financial information.  [Doc. 7].  Petitioner still fails to provide the required financial information.  [Docs. 11, 20].  Accordingly, his second motion to proceed IFP will be denied.  *See Lemons v. K.C. MO. Police*, No. 05-1254, 158 F. App'x 159, 160 (10th Cir. Dec. 13, 2005) (unpublished) ("The district court does not abuse its discretion in denying IFP status for failure to fill out the proper forms or to otherwise provide the district court with the requisite information.").

Finally, Petitioner requests appointment of counsel because he is "totally ignorant of criminal law, procedure, rules and process[.]"  [Doc. 12] at 1.  However, because Petitioner is not proceeding IFP, the Court does not have authority to appoint counsel under that statute.  *See* § 1915(e)(1).  Moreover, the Court is not convinced that there is sufficient merit in Petitioner's claims to warrant appointment of counsel.  *See Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004).

of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears the applicant has exhausted the remedies available in the courts of the State . . . ."). A claim is exhausted where the state courts are given "the opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted). Consequently, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Generally, a state's highest court must be presented with a fair opportunity to decide the claim before exhaustion occurs. *Byrd v. Workman*, 645 F.3d 1159, 1164 n.7 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 763 (2011); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim is unexhausted when "the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor'"). Petitioner normally bears the burden of showing that he has exhausted available state-court remedies. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

## **Procedural Default**

In a habeas proceeding, the Court generally does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, absent a showing by the petitioner of "cause" and "prejudice," "*i.e.*, cause for the delay in asserting his claims and actual prejudice resulting from the State's alleged violation of his constitutional rights." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87–91 (1977)). Failure to properly raise claims on direct appeal may constitute an

independent and adequate state procedural ground that bars federal court review. *See Murray v. Carrier*, 477 U.S. 478, 486–88 (1986); *Sykes*, 433 U.S. at 86–87. Procedural default occurs where a petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Additionally, a federal court may apply an "anticipatory procedural bar" to "an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007); *see also Hain v. Gibson*, 287 F.3d 1224, 1240 (10th Cir. 2002) (applying an anticipatory procedural bar).

Under New Mexico law, failure to raise issues known or available on direct appeal results in waiver of those issues for the purposes of state-habeas proceedings. *Duncan v. Kerby*, 1993-NMSC-011, 115 N.M. 344, 346; *State v. Gillihan*, 1974-NMSC-060, 86 N.M. 439, 440; *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998). Furthermore, under NMSA 1978, § 31-11-6(D) (1966), "[t]he sentencing court shall not be required to entertain a second or successive motion for [habeas] relief on behalf of the same prisoner." The New Mexico Supreme Court has interpreted that language to mean that grounds asserted in a second or successive petition are waived if they could have been asserted in a prior habeas proceeding. *Gillihan*, 1974-NMSC-060, 86 N.M. 439, 440.

Review of claims that have been procedurally defaulted are not barred in federal court if the petitioner can demonstrate (1) cause and actual prejudice, or (2) that denial of his claim will result in "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must show that "some objective factor external to the defense" impeded his

efforts to comply with state procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such factors include "interference by officials" that makes compliance with the State's procedural rule impracticable. *Id*. Additionally, attorney error that is sufficiently serious that it amounts to constitutionally ineffective assistance of counsel is cause to excuse procedural default. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012); *Coleman*, 501 U.S. at 753–54.

To fit within the fundamental miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496. The Supreme Court has elaborated that a petitioner claiming actual innocence as a justification to excuse procedural default must present new, reliable evidence that was not presented at trial and demonstrate that in light of the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

## Discussion

Petitioner raises six claims in his Petition: (1) ineffective assistance of counsel by his first attorney for allegedly failing to conduct any sort of pre-trial investigation; (2) that his plea was not voluntary; (3) speedy sentencing violations; (4) ineffective assistance of counsel by his third attorney because the attorney failed to timely file his direct appeal; (5) insufficiency of evidence; and (6) that "[his] claim is still factual actual innocence."[3]

---

[3] Petitioner's statement can be interpreted either as presenting a sixth, freestanding claim of actual innocence, or an argument that he qualifies for the "fundamental miscarriage of justice" exception to procedural default. Because Petitioner appears pro se, the Court construes his claims liberally and proceed as if he raises both points. *See Steele v. Young*, 11 F.3d 1518, 1521 n.4 (10th Cir. 1993).

On de novo review, the Court agrees with Judge Vidmar that claims one through five are procedurally defaulted. Petitioner does not argue otherwise. *See* [Doc. 12]. Rather, Petitioner seems to argue that his alleged "mental issues" and his claim of actual innocence excuse his procedural default. *Id.* at 2–3. The Court is not persuaded.

First, Petitioner's argument that his alleged "mental issues" excuse his procedural default is waived because he did not present it to Judge Vidmar. *See, e.g., United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived."). Second, the waiver notwithstanding, allegations of chronic mental illness are not enough to excuse procedural default. *See Bishop v. Colorado*, No. 00-1315, 12 F. App'x 807, 809 (10th Cir. May 2, 2001) (unpublished). Third, Petitioner has not described, much less presented, any new evidence of his innocence. Thus, Petitioner fails to meet the fundamental-miscarriage-of-justice exception to the procedural bar. *See House v. Bell*, 547 U.S. 518, 536–37 (2006) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt[.]") (internal quotation marks omitted).

Similarly, because Petitioner has submitted no new evidence of his innocence, the Court finds that claim six, asserting actual innocence—assuming that such a claim is even cognizable under § 2254, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)—is without merit. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993) ("[T]he threshold showing for such an assumed right would necessarily be extraordinarily high[.]").

The claims raised in the Petition are procedurally defaulted or meritless, and the action should be dismissed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's Objections to the PF&RD [Doc. 12] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 11] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's requests for appointment of counsel and for an evidentiary hearing [Doc. 12] at 1, 2 (respectively) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**